Dear Mr. Slaton:
You advise this office that the U.S. Department of Energy operates the Strategic Petroleum Reserve (SPR) with two storage facilities located in Louisiana. Security for the SPR is provided by a contract security service. These security officers are given arrest authority and may carry firearms pursuant to federal law.[1] The officers carry identification cards issued by the U.S. Department of Energy. The officers also wear a distinctive uniform and shield identifying them as security police officers for the U.S. Department of Energy.
Vehicles operated by the security officers bear U.S. governmental license plates. Emblems also identify the vehicles as U.S. Department of Energy security vehicles.
As part of a security enhancement plan following the events of September 11, 2002, the SPR has found a need to increase the visibility of the security vehicles. The SPR has decided that mounting red and blue lights on the security vehicles would meet this goal. You ask if this proposal is permissible under the Louisiana Highway Regulatory Act, R.S.32:1, et seq.
We find this proposal is acceptable under state law. State law requires "authorized emergency vehicles" to be equipped with flashing red lights. The statutory definition of "authorized emergency vehicles" includes police vehicles. See R.S. 32:1[2] Because these officers exercise arrest authority as granted by federal law, their vehicles are police vehicles and must be equipped with flashing red lights as described in R.S.32:318(C).[3]
The law permits law enforcement officers to equip motor vehicles with blue lights. See R.S. 32:318(f)[4]. Again, because federal law gives these security officers police authority, we consider these vehicles to be law enforcement vehicles authorized to bear blue lights.
We think it significant that the Louisiana State Board of Private Security Examiners decided that it does not exercise regulatory authority over these officers. Instead, the board acknowledged the regulatory authority of the U.S. Department of Energy. We agree with that conclusion.
Should you have other questions, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _______________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
Date Released: September 17, 2002
[1] Relevant federal law is found at 42 U.S.C.A 7270a and 10 C.F.R. § 1049. These provisions state:
§ 7270a. Guards for Strategic Petroleum Reserve facilities
Under guidelines prescribed by the Secretary and concurred with by the Attorney General, employees of the Department of Energy and employees of contractors and subcontractors (at any tier) of the Department of Energy, while discharging their official duties of protecting the Strategic Petroleum Reserve (Established under part B of title I of the Energy Policy and Conservation Act [42 U.S.C. .A. § 6231 et seq.]) or its storage or related facilities or of protecting persons upon the Strategic Petroleum Reserve or its storage or related facilities, may —
(1) Carry firearms, if designated by the Secretary and qualified for the use of firearms under the guidelines; and
(2) arrest without warrant any person for an offense against the United States —
(A) in the case of a felony, if the employee has reasonable grounds to believe that the person —
(i) has committed or is committing a felony; and
(ii) is in or is fleeing from the immediate area of a felony; and
(B) in the case of a felony or misdemeanor, if the violation is committed in the presence of the employee.
* * * * *
§ 1049.1 Purpose.
The purpose of these guidelines is to set forth internal Department of Energy (DOE) security policies and procedures regarding the exercise of arrest authority and the use of force by DOE employees and DOE contractor and subcontractor employees while discharging their official duties pursuant to section 661 of the Department of Energy Organization Act.
§ 1049.2 Scope
These guidelines apply to the exercise of arrest authority and the use of force, as authorized by section 661 of the Department of Energy Organization Act, as amended, 42 U.S.C. . 7101 et seq., by employees of DOE and employees of DOE's SPR security contractor and subcontractor. These policies and procedures apply with respect to the protection of:
(a) The SPR and its storage or related facilities; and
(b) Persons upon the SPR or its storage or related facilities.
§ 1049.3 Definitions
(a) Act means sections 661 of the Department of Energy Organization Act, as amended, (42 U.S.C. § 727a).
(b) Arrest means an act resulting in the restriction of a person's movement, other than a brief consensual detention for purposes of questioning about a person's identity and requesting identification, accomplished by means of force or show of authority under circumstances that would lead a reasonable person to believe that he was not free to leave the presence of the officer.
(c) Contractor means a contractor or subcontractor at any tier.
(d) Deadly force means that force which a reasonable person would consider likely to cause death or serious bodily harm.
(e) Protective Force Officer means a person designated by DOE to carry firearms pursuant to section 661 of the Act.
(f) SPR means the Strategic Petroleum Reserve, its storage or related facilities, and real property subject to the jurisdiction or administration, or in the custody of the Department of Energy under part B of title I of the Energy Policy and Conservation Act (42 U.S.C. . 6231-6247).
(g) Suspect means a person who is subject to arrest by a Protective Force officer as provided in these guidelines.
§ 1049.4 Arrest authority.
(a) Under the Act, the authority of a Doe Protective Force Officer to arrest without warrant is to be exercised only in the performance of official duties of protecting the SPR and persons within or upon the SPR.
(b) A Protective Force Officer is authorized to make an arrest for a felony committed in violation of laws of the United States, or for a misdemeanor committed in violation of laws of the United States if the offense is committed in the officer's presence.
(c) A Protective Force Officer also is authorized to make an arrest for a felony committed in violation of laws of the United States if the Officer has been committed, or that the suspect is committing the felony, and is in the immediate area of the felony or is fleeing the immediate area of the felony. "Reasonable grounds to believe" means that the facts and circumstances within the knowledge of the Protective Force Officer at the moment of arrest, and of which the Protective Force officer has reasonably trustworthy information, would be sufficient to cause a prudent person to believe that the suspect had committed or was committing a felony.
[2] R.S. 32:1 provides:
(1) "Authorized emergency vehicle" means a vehicle of a fire department, a vehicle of the department's weights and standards police force, a police vehicle, a privately owned vehicle belonging to members of an organized volunteer fire department or fire district when so designated or authorized by the fire chief of that fire department or fire district, an industrial-owned vehicle assigned to members of a fire department or fire district when so designated or authorized by the fire chief of that fire department or fire district, a vehicle parked or stopped by elevator repair or construction personnel while responding to an elevator emergency, such ambulances and emergency medical response vehicles certified by the Department of Health and Hospitals that are operated by certified ambulance services, and emergency vehicles of municipal departments or public service corporations as are designated or authorized by the secretary of the Department of Transportation and Development or by the chief of police of any incorporated municipality. For purposes of this Section, elevator repair shall be limited to those elevators that move people.
[3] R.S. 32:318(C) provides:
C. Every authorized emergency vehicle shall, in addition to any equipment and distinctive markings required by this Chapter, be equipped with signal lamps mounted as high and as widely spaced laterally as practicable, which shall be capable of displaying to the front two alternately flashing red lights located at the same level, and these lights shall have sufficient intensity to be visible at five hundred feet in normal sunlight. In lieu of the alternately flashing red lights in the front, an authorized emergency vehicle may be equipped with a large revolving red light on the roof which is discernible in all directions and which shall also have sufficient intensity to be visible at five hundred feet in normal sunlight. In lieu of the large revolving red light on the roof, authorized emergency vehicles of organized fire companies only shall be equipped with a large revolving alternating red and white light on the roof encased in a clear dome, which is discernible in all directions and which shall also have sufficient intensity to be visible at five hundred feet in normal sunlight.
[4] R.S. 32:318(f) provides:
F. In lieu of the alternating flashing red lights in front of the vehicle, or of the large revolving red light on the roof of the vehicle, all law enforcement officers are hereby authorized to equip, operate and use motor vehicles with blue colored electric emergency lights in the exercise of their official duties. These lights shall have sufficient intensity to be visible at five hundred feet in normal sunlight.